Rhode Island Yacht Club
vs                                    Eq. No. 10171.
Alton C. Emery

June 5, 1931.

BLODGETT, P. J. Heard upon bill and proof.

Complainant, a Rhode Island corporation, occupies a club-house situated on a rock in Providence River distant some 300 feet from the east end of Ocean avenue, a public highway in the city of Cranston running east and west. It is a social club for the benefit of its members, many of whom own pleasure boats anchored off said club. The east end of Ocean avenue comes to a dead end at the water's edge, and said avenue itself is 26 feet in width. At this east end of Ocean avenue, on the north side, is a rectangular lot of land described as Lot No. 2258 on Assessors' Plat No. 2 of the city of Cranston.

The respondent acquired title to this lot June 10, 1927, and still holds the same.

A foot-bridge extends from the club-house of complainant to the north end of this lot and a 15 foot right of way over this lot extends from the end of said bridge to Ocean avenue. This right of way was acquired by the Metropolitan Park Commission by reason

of its ownership of the rock upon which stands the club-house of complainant, and the use of same was acquired by complainant by virtue of a lease to complainant of said rock from said Commission. This right extends across lot 2258 on said plat of Assessors of Cranston about in line with said foot-bridge with a width of 15 feet to said Ocean avenue.

The first eight allegations of the bill, except the sixth, are admitted to be true. The ninth to twelfth inclusive are denied.

The bill prays for a temporary and permanent injunction restraining respondent from interfering with the use of that portion of lot 2258 lying easterly of said right of way by complainant and by the public, claiming said portion of said lot to be a public highway by dedication and use by the public for a long period.

The land in question was conveyed to respondent June 10, 1927, by one Charles Brown by a warranty deed (Respdt's Ex. A.).

Brown acquired title April · 8, 1919, and by a series of deeds the title passed to Emery on June 10, 1927. There seems to be no question that from April 8, 1919, to June 10, 1927, the members of the club and the public in general were permitted free and unobstructed use of the right of way and that portion of lot 2258 lying easterly of same. One Arthur E. Austin held title to said land from July 12, 1902, to April 8, 1919.

Ocean Avenue is shown as a platted street 35 feet in width extending easterly to the water. On the northerly side thereof a curb has been placed by said Austin, as appears by the record, in a straight line along the northerly side of Ocean Avenue to a point near the westerly end of said foot-bridge, at which point the curb turns northeasterly to a point and thence turns easterly to a point and thence southerly to a point and thence westerly along the southerly side of Ocean Avenue. The land in dispute lies within the lines of this curbing and at the easterly end of Ocean Avenue, and is shown very clearly in Complt's Exhibits numbered 2, 3 and 4. ·

There seems no doubt from the record that up to the time of ownership by respondent this part of lot 2258 lying outside of said curbing has been used by members of said club and by the public for a long space of time.

Sec. 18 of General Laws 1923:

"All lands which have been or shall be quietly, peaceably and actually used and improved and considered as public highways for the space of twenty years, and which shall be declared by the town council of the town wherein they lie to be public highways, shall be taken and considered as public highways * * *."

Austin held title to this land from 1902 to 1919, at which time Brown acquired the land and held title to same until 1927. Austin caused the curbing to be laid enclosing the present open space shown on Complt's Ex. 1. There is no evidence that Brown ever attempted to interfere with the use by the members of the Yacht Club of this open space.

The laying of the curbing by Austin providing an open space for vehicles and a sidewalk for pedestrians, and his allowing members of the club and the general public to use his land without any interference on his part for seventeen years would be a dedication of an easement in same to the club and the public for this period.

The record shows that during Brown's occupancy of same, members of the club and the general public used this easement without interference.

"Disseizin under the Statute of Possessions, to be effectual, must be 'uninterrupted' for twenty years as well as quiet, peaceable, and actual."

*Goelet* vs. *Aldermen of Newport,*
14 R. I. 298.

From 1902 to 1927 the record shows this tract of land has been opened and actually and peaceably used by the public and, during a part of this period at least, by members of the Yacht Club.

There seems to be no doubt that the public have acquired an easement in said tract and the sole question in present case is whether the complainant is entitled to relief.

The brief filed by respondent draws attention to the fact that complainant is not an abutting owner. Complainant by virtue of its lease has a right of way across this tract and this right does abut upon the tract and in this has all the rights of an abuttor. There is further testimony that complainant has suffered some damage by the loss of membership owing to the dispute as to the right to use said tract.

The Court is of the opinion that the club has an easement in the tract in question.

Decree may be entered accordingly.

For complainant: Edgar V. F. Mc-Crillis.

For respondent: Boss, Shepard & Mc-Mahon.